**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-2242**

_____

LANCE LOWELL LEWIS,

        Plaintiff - Appellant,

   v.

THE BOEING COMPANY,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:22-cv-03403-DCN)

_____

Submitted:  April 27, 2026                             Decided:  July 10, 2026

_____

Before KING, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Samantha Albrecht, THE LOVELY LAW FIRM, Myrtle Beach, South Carolina, for Appellant.  D. Michael Henthorne, Columbia, South Carolina, Erika Rachel Collins, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance Lowell Lewis brought this action against his former employer, The Boeing Company ("Boeing"), alleging that Boeing retaliated against him for complaining of age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634.[1]  The magistrate judge recommended granting summary judgment to Boeing, reasoning that Lewis failed to show a causal connection between his protected activities and his subsequent termination.  In a summary order, the district court adopted the magistrate judge's recommendation and entered judgment in favor of Boeing.  Lewis appeals, and we affirm.

"We review a district court's grant of summary judgment de novo, construing all facts and reasonable inferences in favor of the nonmoving party."  *Schulman v. Axis Surplus Ins. Co.*, 90 F.4th 236, 243 (4th Cir. 2024).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Because Lewis has no direct evidence of unlawful retaliation, he proceeds under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

> Under that framework, the plaintiff must first establish a prima facie case of retaliation; the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its allegedly retaliatory action; and finally, the

---

[1] Lewis has abandoned his other claims—alleging age discrimination and a second retaliation theory—by not raising them on appeal.  *French v. Assurance Co. of Am.*, 448 F.3d 693, 700 n.2 (4th Cir. 2006).

plaintiff must demonstrate that the reason articulated by the employer was not its true reason, but rather a pretext for retaliation.

*Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024). To establish a prima facie case of retaliation, "the employee must demonstrate: (1) [he] engaged in a protected activity, (2) the employer acted adversely against [him], and (3) there was a causal connection between the protected activity and the asserted adverse action." *Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022) (internal quotation marks omitted).

Lewis worked at Boeing as a manufacturing technician. In 2021, the Federal Aviation Administration (FAA) conducted an audit at Boeing, which included Lewis. During the audit, Lewis allegedly committed a process violation in front of the auditors. Boeing suspended Lewis pending an investigation, which ultimately substantiated the violation.

The results of the investigation, as well as several other reports of Lewis's unsatisfactory job performance, were submitted to Boeing's Employee Corrective Action Review Board ("ECARB"), which "is a neutral decision-making body tasked with reviewing substantiated internal investigations, identifying violations of Boeing's policy, and determining the appropriate level of corrective action on a case-by-case basis" (J.A.[2] 214). The ECARB determined that termination was warranted, and Lewis was fired.

In his complaint, Lewis, who was in his early seventies, alleged that he was fired not for the process violation, but for filing internal complaints against his supervisor and a

---

[2] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

3

charge of age discrimination with the Equal Employment Opportunity Commission (EEOC). However, the magistrate judge found that Lewis's internal complaints did not count as protected activities, as they were devoid of any allegation of age discrimination. As for filing the EEOC charge, which was indisputably a protected activity, the magistrate judge discerned no evidence that the ECARB was aware of the charge when it determined that Lewis should be terminated. And without such evidence, Lewis could not show that the ECARB made its decision in retaliation for filing the EEOC charge.

On appeal, Lewis contends that his supervisor, who was aware of the EEOC charge, influenced the ECARB's termination decision, thereby making Boeing liable under a cat's paw theory. *See, e.g.*, *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 290 (4th Cir. 2004) (en banc), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). But Lewis never raised this argument below, so we will not consider it now. *See Tarashuk v. Givens*, 53 F.4th 154, 167 (4th Cir. 2022) ("It is well established that this court does not consider issues raised for the first time on appeal, absent exceptional circumstances." (internal quotation marks omitted)).

Next, Lewis claims that the ECARB did, in fact, know about some of his protected activities. In support, Lewis points to two pages from two different investigation reports. In one, Lewis claimed that he was "singled out" by his supervisor for improperly using a hammer. (J.A. 252). In the other, Lewis suggested that his supervisor conspired with the FAA to audit him. According to Lewis, the ECARB had these reports, so it knew that he had lodged internal complaints against his supervisor.

4

Like the magistrate judge, we fail to see where in these reports Lewis registered a claim of age discrimination. While these reports might reveal acrimony between Lewis and his supervisor, they do not establish the unlawful discriminatory animus that Lewis needs for his retaliation claim. Without such evidence, Lewis cannot show that the ECARB's decision was made in retaliation for complaining of age discrimination.[3]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Lewis presents several other causation arguments, many of which are unpreserved. In any event, none of them alters our conclusion that Lewis fails to identify proof that the ECARB knew that he engaged in a protected activity. And because Lewis has not established a prima facie case of retaliation, we need not address his pretext arguments.